GEORGE G. MGDESYAN, ESQ. (STATE BAR NO. 225476)
ARAKSYA BOYADZHYAN, ESQ. (STATE BAR NO. 299917)
KARAPET GALAJIAN, ESQ. (STATE BAR NO. 336790)
MGDESYAN LAW FIRM
4529 SHERMAN OAKS AVENUE
SHERMAN OAKS, CA 91403
TELEPHONE: (818) 386-6777
FACSIMILE:   (818) 754-6778

Attorney for Plaintiff,

BRANDON SHAY FRANKLIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON SHAY FRANKLIN;<br><br>          Plaintiff,<br><br>V.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT , LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, DEPUTY D. GRZELKOWSKA, DETECTIVE S. SHEAN, DETECTIVE J. SOLOMON; DETECTIVE J. OJEDA, and DOES 1 to 10, inclusive,<br>          Defendants. | Case Number:<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br>1. DEPRIVIATION OF CIVIL RIGHTS, 42 U.S.C. § 1983, FALSE ARREST<br>2. DEPRIVIATION OF CIVIL RIGHTS, 42 U.S.C. § 1983, MALICIOUS PROSECUTION<br>3. DEPRIVIATION OF CIVIL RIGHTS, 42 U.S.C. § 1983, UNREASONABLE AND EXCESSIVE USE OF FORCE<br>4. DEPRIVIATION OF CIVIL RIGHTS, 42 U.S.C. § 1983, ABUSE OF PROCESS<br>5. DEPRIVIATION OF CIVIL RIGHTS, 42 U.S.C. § 1983, FAILURE TO INTERVENE<br>**[JURY TRIAL DEMAND]** |

Plaintiff, by his attorneys, MGDESYAN LAW FIRM, as and for his complaint against the defendants, respectfully states and alleges, upon information and belief as follows:

## PRELIMINARY STATEMENT

This is a civil action for money damages against Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERRIF'S OFFICE, LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, DEPUTY D. GRZELKOWASKA; DETECTIVE S. SHEAN, DETECTIVE J. SOLOMON, DETECTIVE J. OJEDA, for committing acts under color of law and depriving Plaintiff of rights secured under 42 U.S.C. § 1983 grounded in rights secured by the constitution and laws of the United States and the State of California.

## JURISDICTION AND VENUE

1. This action is brought by Plaintiff BRANDON SHAY FRANKLIN pursuant to 42 U.S.C. § 1983; California Constitution Art. I § 7(a), and California Civil Code §§51 et seq. 52.1.

2. This Court has jurisdiction under 28 U.S.C § 1343(4) for violations of the 1871 Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and under 28 U.S.C. § 1331. Jurisdiction is also proper under 28 U.S.C. §1341 (3) and (4).

3. The acts and omissions complained of commenced August 17, 2021 and continued to January 2022 within the Central District of California. Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, BRANDON SHAY FRANKLIN brings his claims under 42 U.S.C. § 1983 for deliberate indifference to his constitutionally protected interests.

2

Plaintiff brings his claim under 42 U.S.C §1983 for violations of his Constitutional rights.

5. At all relevant times, Plaintiff BRANDON SHAY FRANKLIN may be referred to throughout complaint as "PLAINTIFF."

6. Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California. Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the "LOS ANGELES COUNTY SHERIFF'S DEPARTMENT", and particularly said Department's training, tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, and the use of force.

7. Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,(hereinafter "SHERRIF") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California. At all relevant times, defendant SHERIFF was the county's principal law enforcement agency. At all relevant times, SHERIFF was responsible for providing sworn peace officer services to the unincorporated areas of Los Angeles County.

8. Defendant LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE (hereinafter "DISTRICT ATTORNEY"), was an official agency of defendant COUNTY.

9. Defendant DETECTIVE S. SHEAN, (hereinafter "SHEAN") was employed by SHERRIF, and at the time of the investigation and arrest of plaintiff, defendant SHEAN was a SHERRIF's detective.

10. Defendant DEPUTY D. GRZELKOWSKA, (hereafter "GRZELKOWSKA") was employed by SHERRIF, and at the time of the investigation and arrest of plaintiff, defendant SHEAN was a SHERRIF's deputy.

11. Defendant DETECTIVE J. SOLOMON (hereinafter "SOLOMON") was employed by SHERRIF, and at the time of the investigation and arrest of plaintiff, defendant SHEAN was a SHERRIF's detective.

12. Defendant J. OJEDA, (hereinafter "OJEDA") was employed by SHERRIF, and at the time of the investigation and arrest of plaintiff, defendant SHEAN was a SHERRIF's detective.

13. Collectively the defendants hereinafter will be referred as "DEFENDNATS."

14. At all relevant times, Defendants COUNTY and SHERIFF (collectively may be referred to throughout complaint as "Municipal Defendants") and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the SHERIFF, including those individuals charged with protecting the health and safety of the public, including PLAINTIFF, and to assure that said actions, policies, rules, regulations, customs, practices and procedures of the SHERIFF and its employees and agents complied with the laws and constitutions of the United States and the State of California.

15. At all relevant times, GRZELKOWSKA was a duly authorized employee and agent of the SHERIFF, subject to oversight and supervision by the COUNTY'S elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as an officer or detective for the SHERIFF and with complete authority and ratification of the principal COUNTY. In committing the acts alleged herein, GRZELKOWSKA acted within the scope of his respective employment and under color of law. GRZELKOWSKA is sued in both his official and individual capacities.

16. At all relevant times, SHEAN was a duly authorized employee and agent of the SHERIFF, subject to oversight and supervision by the COUNTY'S elected and non-elected officials, and was acting under color of law and within the

course and scope of his duties as an officer or detective for the SHERIFF and with complete authority and ratification of the principal COUNTY. In committing the acts alleged herein, SHEAN acted within the scope of his respective employment and under color of law. SHEAN is sued in both his official and individual capacities.

17. At all relevant times, SOLOMON was a duly authorized employee and agent of the SHERIFF, subject to oversight and supervision by the COUNTY'S elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as an officer or detective for the SHERIFF and with complete authority and ratification of the principal COUNTY. In committing the acts alleged herein, SOLOMON acted within the scope of his respective employment and under color of law. SOLOMON is sued in both his official and individual capacities.

18. At all relevant times, OJEDA was a duly authorized employee and agent of the SHERIFF, subject to oversight and supervision by the COUNTY'S elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as an officer or detective for the SHERIFF and with complete authority and ratification of the principal COUNTY. In committing the acts alleged herein, OJEDA acted within the scope of his respective employment and under color of law. OJEDA is sued in both his official and individual capacities.

19. Plaintiff is informed and believes and thereon alleges that Defendants sued herein as DOES 1 through 10, inclusive, were employees of the COUNTY, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant is the agent of the other. Plaintiff alleges that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained. Each individually named Doe defendant, like each individually named

defendant, acted under color of law and within the scope of his or her agency and employment with the County. Each Doe is sued in both his/her official and individual capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

20. This claim arises out of a improper, unwarranted, malicious, unlawful and illegal stop, arrest, and prosecution of Plaintiff by Defendants.

21. On or about August 17, 2021, PLAINTIFF was operating his vehicle when DEFENDANTS without probable cause and/or reasonable suspicion conducted a stop of PLAINTIFF, and furthermore, proceeded to wrongfully detain and arrest PLAINTIFF. Furthermore, DEFENDANTS furthered their wrongful conduct by maliciously prosecuting PLAITNIFF criminally with five counts of various violations.

22. PLAINTIFF's liberties and constitutional rights were violated by DEFENDANTS.

## FIRST CAUSE OF ACTION
## DEPRIVATION OF CIVIL RIGHTS
## [42 U.S.C. §1983] – FALST ARREST
### (By Plaintiff against all Defendants)

23. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

24. On or about August 17, 2021 at around 8:30 A.M., PLAINTIFF was placed in fear of his life, falsely seized, falsely detained and falsely arrested by DEFENDANTS.

25. On or about August 17, 2021 at around 8:30 A.M., PLAINTIFF was placed in fear of his life, falsely seized, falsely detained and falsely arrested and held for an unreasonable period of time against his will without justification, explanation, or rational for such detention.

26. Upon information and belief, such seizure, arrest, and detention was ordered and was carried out by Defendant GRZELKOWSKA.

27. DEFENDANTS SHEAN, SOLOMON, AJEDA, from SHERRIF failed to take any action to prevent the unlawful stop, search, arrest and detention of PLAINTIFF.

28. Furthermore DEFENDANTS failed to take any action to prevent the unlawful detention of PLAINTIFF and the unlawful seizure of his property.

29. Moreover, each DEFENDANT and DOES 1- 100 inclusive, participated in the unlawful arrest and detention of PLAINTIFF and the unlawful seizure of his property.

30. Upon information and belief, such seizure, arrest, detention, and assault was ordered, condoned, and authorized by DEFENDANTS with a callous, deliberate indifference to Plaintiff's known constitutional rights.

31. As a result of the false arrest, detention, and accusations, DEFENDANTS took and active role in creating and manufacturing the allegations made against PLAINTIFF due to DEFENDANT'S blatant bias against minorities and/or bias against certain racial groups.

32. As part of the false arrest, detention, and accusations DEFENDANTS caused Plaintiff to be seized, arrested, and held in a dangerous, compromising position for an unreasonable amount of time without probable cause and caused PLAITNIFF to be deprived of his liberty, without due process and was further exposed to disgrace, public humiliation, and embarrassment.

33. Defendant GRZELKOWSKA knew at the time of PLAINTIFF's arrest, and at all times since then, that he was not in possession of any evidence consistent with and sufficient to establish Plaintiff's guilt and was based solely, or in part, on Defendant GRZELKOWSKA's discriminatory and violative actions due to his apparent ill-will toward minorities such as PLAINTIFF.

34. Each of the DEFENDANTS acting under color of law, acted separately and in concert and without authorization of law. Each of the

DEFENDANTS, separately and in concert with each other, acted willfully, knowingly and purposely with the specific intent to deprive PLAINTIFF of his right to freedom from excessive force, illegal seizure of his person, freedom from illegal detention, and imprisonment. In addition, Defendants acted in an effort to cover up DEFENDANT GRZELKOWSKA, SHEA, SOLOMON, and OJEDA's unjustifiable actions. All of these rights are secured to PLAINTIFF by the provision of the due process clause of the Fifth and Fourteenth Amendments to the Constitution, the Fourth Amendment, as well as the Equal Protection Clause of the Fourteenth Amendment and by 42 U..S.C. Section 1983.

35. DEFENDANTS falsely arrest, falsely imprisoned, abused, detained, coerced, threatened, intimidated and interrogated PLAINTIFF, and furth denied PLAINTIFF his right to be free from unreasonable search and seizure. DEFENDANTS knew or should have known that they were violating laws of the State of California and those statutory and constitutional rights set forth herein which caused harm to PLAINTIFF.

36. As a direct and proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF suffered great physical harm, mental anguish, and violations of his rights from then until now and he will continue to suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

37. PLAINTIFF was forced to incur great expense due to the filing of this complaint, for attorney's fees, investigation expenses, and other expenses in clearing his name against unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on PLAINTIFF.

38. As a direct consequence of the DEFENDANTS, PLAINTIFF suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

39. That by reason of the foregoing, PLAINTIFF suffered and continues to suffer irreparable injury and monetary damages in excess of THREE MILLION ($3,000 000.00) DOLLARS, as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.

## SECOND CAUSE OF ACTION
## DEPRIVATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983, MALICIOUS PROSECTUION
### (Against All Defendants)

40. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs, inclusive, as well as any subsequent paragraphs contained in this Complaint, as if fully set forth herein.

41. The Fourth Amendment's protection against unreasonable seizures encompasses the right to be free from malicious prosecution, which is also prohibited by the Fourteenth Amendment's guarantee against the deprivation of liberty without due process of law.

42. Defendants GRZELKOWSKA, SHEAN, SOLOMON, OJEDA, COUNTY, SHERRIFF, DISTRICT ATTORNEY, and DOES 1-10, while acting under color of state law, violated Plaintiff's clearly established right under the Fourth and Fourteenth Amendments by unlawfully and maliciously causing a criminal prosecution to be instituted against them.

43. All criminal proceeding filed against PLAINTIFF were dismissed upon discovery and information of false arrest, false evidence and false information. .

44. DEFENDANTS acted maliciously, with reckless disregard of the law and of the legal rights of Plaintiff in causing a criminal proceeding to begin and to continue for a purpose other than bringing Plaintiff to justice.

45. The DEFENDANTS continued its prosecution of Plaintiff for the ulterior purpose of extorting Plaintiff to be incarcerated and convicted so as to shield the DEFENDANTS from this civil action.

9

46. As a consequence, Plaintiff was subjected to deprivation of liberty during the detention, humiliation, fear, pain and suffering by the illegal acts of DEFENDANTS and suffered injuries as a result of the their actions.

47. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. §1988, and all applicable law in a sum to be proven at trial, and such additional relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION
## DEPRIVATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983, UNREASONABLE AND EXCESSIVE USE OF FORCE
### (Against All Defendants)

48. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs, inclusive, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

49. On or about August 17, 2021 at about 8:30 A.M., PLAINTIFF was subjected to excessive and unreasonable force and unlawful search and seizure at the hands of GRZELKOWSKA, SHEAN, SOLOMON, and OJEDA.

50. On or about August 17, 2021 while being detained, PLAINTIFF was subjected to unnecessary verbal abuse by DEFENDANTS which was demeaning in nature.

51. On or about August 17, 2021, prior to being detained, DEFENDANTS threatened both lethal and non-lethal force. PLAINTIFF posed no threat to DEFENDANTS at any point.

52. Each of the DEFENDANTS acting under color of law, acted separately and in concert and without authorization of law. Each of the DEFENDANTS, separately and in concert with each other, acted willfully, knowingly and purposely with the specific intent to deprive PLAINTIFF of his right to freedom from excessive force, illegal seizure of his person, freedom from

illegal detention, and imprisonment. In addition, Defendants acted in an effort to cover up DEFENDANT GRZELKOWSKA, SHEA, SOLOMON, and OJEDA's unjustifiable actions. All of these rights are secured to PLAINTIFF by the provision of the due process clause of the Fifth and Fourteenth Amendments to the Constitution, the Fourth Amendment, as well as the Equal Protection Clause of the Fourteenth Amendment and by 42 U..S.C. Section 1983.

53. DEFENDANTS falsely arrest, falsely imprisoned, abused, detained, coerced, threatened, intimidated and interrogated PLAINTIFF, and furth denied PLAINTIFF his right to be free from unreasonable search and seizure. DEFENDANTS knew or should have known that they were violating laws of the State of California and those statutory and constitutional rights set forth herein which caused harm to PLAINTIFF.

54. As a direct and proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF suffered great physical harm, mental anguish, and violations of his rights from then until now and he will continue to suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

55. PLAINTIFF was forced to incur great expense due to the filing of this complaint, for attorney's fees, investigation expenses, and other expenses in clearing his name against unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on PLAINTIFF.

56. As a direct consequence of the DEFENDANTS, PLAINTIFF suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

57. That by reason of the foregoing, PLAINTIFF suffered and continues to suffer irreparable injury and monetary damages in excess of THREE MILLION

($3,000 000.00) DOLLARS, as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.

## FOURTH CAUSE OF ACTION
## DEPRIVATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983, ABUSE OF POWER
### (Against All Defendants)

58. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs, inclusive, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

59. DEFENDANTS intentionally, recklessly, and maliciously filed and/or caused to be filed, a false, inaccurate, and/or misleading criminal complaint against PLAINTIFF. Said criminal complain was made by the aforementioned DEFENDANTS without research and investigation into the veracity and/or truthfulness of said complaint.

60. The false criminal complaint lodged by DEFENDANTS against PLAINTIFF was done with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

61. DEFENDANTS did not file said criminal complaint as a result of actual knowledge that a crime was committed, determined through investigation and/or simple rudimentary search, which was available to DEFENDANTS.

62. Instead, DEFENDANTS, including but not limited to GRZELKOWSKA filed said false criminal complaint against PLAINTIFF with an ulterior purpose/motive to subject PLAINTIFF to punishment without just cause.

63. DEFENDANTS subjected PLAINTIFF to the criminal justice system without just cause or reason. DEFENDANTS abused the criminal justice system in falsely arresting, falsely detaining, falsely charging, and falsely prosecuting PLAINTIFF in an attempt to satisfy their personal goals and their own warped sense of power.

64. DEFENDANTS' motive for subjecting PLAINTIFF to false criminal process included but was not limited to, a cover-up of their wrong doings by filing documents that contained false information provided by GRZELKOWSKA. These falsified documents included the police report, and the crime report. These documents were used by DEFENDANTS to concoct at total of five false charges against PLAINTIFF.

65. DEFENDANTS' clear intention was to use the criminal justice system to cause harm to Plaintiff without proper motive, excuse or justification of any kind.

66. DEFENDANTS use of the criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of PLAINTIFF solely for a purpose that was/is outside the legitimate ends of the legal process.

67. DEFENDANTS COUNTY and DISTRICT ATTORNEY had knowledge of the inaccuracy and/or falsity of the criminal complaint made by Defendant GRZELKOWSKA and without any investigation and/or rudimentary query, intentionally, recklessly, and maliciously caused to be filed, said false, inaccurate, and/or misleading criminal complaint against Plaintiff.

68. The subsequent false arrest and malicious prosecution of PLAINTIFF was done by DEFENDANTS with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

69. GRZELKOWSKA'S clear intention was to falsely arrest, and falsely prosecute PLAINTIFF and cause harm to PLAINTIFF without proper motive, excuse, or justification of any kind.

70. As a direct consequence of the actions of GRZELKOWSKA, acting in furtherance of his duty as an agent of COUNTY, PLAINTIFF suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, loss of liberty and the infringement of his rights guaranteed to him under the U.S. Constitution.

71. As a direct consequence of the actions of the DEFENDANTS, PLAINTIFF suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

72. That by reason of the foregoing, PLAINTIFF suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS as well as punitive damages, costs and attorneys fees, and any other relief the Court may find just and proper.

## FIFTH CAUSE OF ACTION
## DEPRIVATION CIVIL RIGHTS
## 42 U.S.C. § 1983, FAILURE TO INTERVENE
### (Against Defendants COUNTY, DISTRICT ATTORNEY, SHERIFF, SHEAN, SOLOMON, OJEDA)

73. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs, inclusive, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

74. DEFENDANTS knew or should have known that the false accusations, detainment, false arrest, seizure of property and excessive force used violated PLAINTIFF's rights guaranteed to under the First, Fourth, Fifth and Fourteenth Amendment and 42 U.S.C. section 1983.

75. Each of the said DEFENDANTS had the authority, ability and concurrent duty under 42 U.S.C. Section 1983 to prevent the false arrest, wrongful detainment, seizure of property and excessive force against PLAINTIFF, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the PLAINTIFF when such violations did in fact occur.

76. Specifically COUNTY, SHERIFF, DISTRICT ATTORNEY, SHEAN, SOLOMON, OJEDA had the opportunity and responsibility to prevent

the wrongful detainment, and abuse of process against PLAINTIFF because SHERIFF, COUNTY, SHEAN, SOLOMON, and OJEDA was put on notice of the wrongful actions of GRZELKOWSKA at the scene of the incident and thereafter.

77. DEFENDANTS had the power to prevent the continued due process violations against PLAINTIFF, yet failed to prevent or dismiss the fabricated charges against the PLAINTIFF, or to protect the PLAINTIFF from the unwarranted penalties that follow from the charges against him.

78. As a direct consequence of the actions of COUNTY, SHERIFF, DISTRICT ATTORNEY, SHEAN, SOLOMON, OJEDA, acting in furtherance of their duties, PLAINTIFF suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, loss of liberty and the infringement of his rights guaranteed to him under the U.S. Constitution.

79. As a direct consequence of the actions of the DEFENDANTS, PLAINTIFF suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

80. That by reason of the foregoing, PLAINTIFF suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS as well as punitive damages, costs and attorneys fees, and any other relief the Court may find just and proper.

**JURY DEMAND**

Plaintiff hereby demands that a jury be empanelled for the trial of this matter.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows;

1. General and compensatory damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Exemplary and punitive damages against each Defendant, except the CITY and BHPD in an amount according to proof;

4. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988, and any other applicable provision of law;

5. Such other relief as may be warranted or as is just and proper.

DATED: 08/17/2023          Respectfully Submitted,


/s/ George G. Mgdesyan
George G. Mgdesyan, Esq.
Attorney for Plaintiff